UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:

    Dennis A. Lewandowski and
    Sharon Lewandowski,

    Debtors.
_____/

DENNIS A. LEWANDOWSKI and
SHARON LEWANDOWSKI,

    Plaintiffs/Appellants,

                                                                              Case No. 07-15239
-vs-                                                                                Hon. Avern Cohn

K. JIN LIM, Chapter 7 Trustee,

    Defendant/Appellee.

_____/

## MEMORANDUM AND ORDER

### I. Introduction

This is an appeal in a Chapter 7 consumer bankruptcy case. The debtors/appellants are a married couple, Dennis and Sharon Lewandowski. The Lewandowskis filed a schedule of real property assets with the Bankruptcy Court that listed an undeveloped ten-acre parcel of land in Hayes Township, Clare County, Michigan, with an estimated value of $7,500. On their schedule of exemptions, the Lewandowskis listed the Hayes Township property as exempted at a value of $7,500

pursuant to 11 U.S.C. § 522(d)(5). The trustee did not object to the exemption. After the Bankruptcy Court entered a discharge order but before it closed the case, the trustee/appellee filed a motion to sell the Hayes Township property pursuant to 11 U.S.C. § 363(b); the trustee believed that the property was worth a good deal more than the $7,500 estimated in the Lewandowskis' schedule of assets. The Lewandowskis objected to the trustee's motion. After a hearing, the Bankruptcy Court entered an order authorizing the trustee to sell the property. The property sold at auction for $58,000.

The Lewandowskis now appeal the Bankruptcy Court's order authorizing sale of the Hayes Township property, arguing that the property was not part of the bankruptcy estate and therefore not subject to sale by the trustee. For the reasons discussed below, the order of the Bankruptcy Court will be affirmed.

## II. Background

There are no disputes concerning the facts of the case. The Lewandowskis filed a voluntary petition under Chapter 7 of the Bankruptcy Code in March 2007; appellee K. Jin Lim was appointed trustee of the bankruptcy estate.

On their schedule of real property assets, the Lewandowskis stated that Dennis Lewandowski solely held a fee simple ownership interest in an undeveloped ten-acre parcel of land in Hayes Township, Clare County, Michigan. Dennis Lewandowski purchased the property in 1989 for $5,995; the Lewandowskis estimated its value at the time of filing at $7,500. The Lewandowskis provided the trustee with a copy of a recorded warranty deed confirming Dennis Lewandowski's stated ownership interest.

On their schedule of property claimed as exempt, the Lewandowskis listed the Hayes Township property. They claimed that the property was exempt at a level of

2

$7,500 (the entire estimated value of the property) pursuant to 11 U.S.C. § 522(d)(5). The Lewandowskis also claimed a number of other exemptions under § 522(d)(5); excluding the Hayes Township property, the allowed exemptions under that subsection had a total value of $3,700.

Pursuant to FED. R. BANKR. P. 4003(b), the trustee and other parties-in-interest must file objections to the claimed exemptions within thirty days after the conclusion of the meeting of creditors held pursuant to 11 U.S.C. § 341(a). In this case, the creditors' meeting concluded on May 3, 2007. Following the meeting, the trustee did not file an objection to the exemption of the Hayes Township Property or seek an extension of time in which to file such an objection.

The case proceeded and the Bankruptcy Court entered an order discharging the Lewandowskis in July 2007. This did not close the case.

Around this time, the trustee contacted her real estate broker and requested that the broker inspect the Hayes township property and estimate its current value. The broker advised the trustee to list the property for sale at $29,000, which she did. After receiving an offer to buy the property for $24,000, the trustee filed a motion requesting authority to sell the property at auction pursuant to 11 U.S.C. § 363(b). The Lewandowskis opposed the motion, arguing that the entire value of the property had been exempted, and thus the property was no longer part of the bankruptcy estate. The bankruptcy judge conducted a hearing and entered an order granting the trustee's motion in November 2007. The order allowed the Lewandowskis to seek a stay of the sale if they could post a $25,000 bond, but the Lewandowskis found it impossible to do so.

The property subsequently sold at auction for $58,000;[1] the trustee is holding the net proceeds of the sale pending the disposition of this appeal.

## III. Standard of Review

The district court reviews factual findings made by a bankruptcy judge for clear error, which requires the appellant to demonstrate "the most cogent evidence of mistake of justice."  Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs.), 106 F.3d 1255, 1259 (6th Cir. 1997).  See also FED. R. BANKR. P. 8013.  Conclusions of law are reviewed *de novo*.  Simon v. Chase Manhattan Bank (In re Zaptocky), 250 F.3d 1020, 1023 (6th Cir. 2001).

## IV. Analysis

The issue in this appeal is whether the trustee's failure to object to the Lewandowskis' listed exemption of the Hayes Township property means that the property was no longer part of the bankruptcy estate.  If so, the trustee should not have been granted the authority to sell the property.  The Lewandowskis say that because they exempted the entire estimated value of the property, the property was removed from the bankruptcy estate, even though the estimated value turned out to be far too low.

---

[1] A large part of the sale price was apparently attributable to timber on the property.

### A. Section 522(d)(5) Does Not Provide for "In-Kind" Exemption of Property

The parties agree that upon the filing of the Lewandowskis' bankruptcy petition, the Hayes Township property became part of the bankruptcy estate. With certain exceptions not relevant here, the estate initially includes "all legal or equitable interests of the debtor in property as of commencement of the case." 11 U.S.C. § 541(a)(1).

Under the federal exemption scheme elected by the Lewandowskis, a debtor may exempt from the estate his interest in property identified in 11 U.S.C. § 522(d), subject to the maximum amounts listed therein. The Lewandowkis listed a $7,500 exemption for the Hayes Township property under 11 U.S.C. § 522(d)(5). That subsection, sometimes referred to as the "catch-all" or "wildcard" exemption, allows debtors to exempt "the debtor's aggregate interest in any property, not to exceed in value $1,075 plus up to $10,125 of any unused amount of the exemption provided under paragraph (1) of this subsection." In this case, the Lewandowskis were eligible for the full amount of $11,200. The Lewandowskis exempted $3,700 worth of other property under § 522(d)(5), and used the remaining $7,500 to exempt the Hayes Township property.

Section 522(d)(5) contemplates exemptions limited by a maximum monetary amount; it does not provide for "in kind" exemptions. A recent decision of the Bankruptcy Court for the Western District of Michigan provides compelling support for this conclusion:

> This court believes that § 522(d)(5) is direct and unambiguous. An individual debtor may exempt his or her interest in any property not to exceed a value of a maximum specific amount. Interpreting the statute as an "in-kind" exemption does not give enough weight to the language "not

5

to exceed in value." It is a "settled rule that a statute must, if possible, be construed in such fashion that every word has some operative effect." United States v. Nordic Village, Inc., 503 U.S. 30, 36, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992).

...

To discern the importance of § 522(d)(5), it is worthwhile to quickly review § 522(d) in its entirety. Of its twelve subsections, only eight have a reference to a maximum monetary amount. The four other subsections have no monetary limitation. The exemptions without the monetary limitations might appropriately be described as "in-kind" exemptions. For purposes of construing § 522(d)(5), the comparison demonstrates that Congress treated different exemption subsections in different ways. It is "generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another...." BFP v. Resolution Trust Corp., 511 U.S. 531, 537, 114 S.Ct. 1757, 1761, 128 L.Ed.2d 556 (1994) (quoting City of Chicago v. Envtl. Defense Fund, 511 U.S. 328, 338, 114 S.Ct. 1588, 1593, 128 L.Ed.2d 302 (1994) (internal quotation marks omitted)). The language of § 522(d)(5), contrasted with the "in-kind" exemption subsections, encourages a reader to conclude that a difference must exist-the maximum stated amount must mean something. As noted above, the statute says nothing about a debtor's scheduled value begetting an unassailable in-kind exemption.

"One more caution is relevant when one is admonished to listen attentively to what a statute says. One must also listen attentively to what it does not say." Felix Frankfurter, *Some Reflections on the Reading of Statutes*, 47 Colum. L.Rev. 527, 536 (1947). Based upon the explicit statutory language and the melange of interpretation principles, this court believes that § 522(d)(5) does not contemplate any "in-kind" exemption.

In re Cormier, 382 B.R. 377, 393-94 (Bankr. W.D. Mich. 2008).

The Bankruptcy Court for the Eastern District of Michigan has reached the same conclusion, drawing attention to the specific wording of the statute:

> It bears emphasizing that the foregoing statutory provisions [subsections of § 522(d)] speak in terms of the debtor's "interest" in property which does not *exceed* a particular *value.* The statute therefore seems to contemplate that that portion of the debtor's interest, if any, which exceeds the specified value cannot be claimed as exempt; indeed, to conclude otherwise would render meaningless the value limitations contained in the statute. Thus, the language of the statute itself supports the conclusion that the scope of the debtor's exemption is not necessarily coextensive with the full value of the property in question.

In re Gaylor, 123 B.R. 236, 238 (Bankr. E.D. Mich. 1991) (emphasis in original).

The Lewandowskis point to a decision of the Bankruptcy Appellate Panel for the Sixth Circuit, Olson v. Anderson (In re Anderson), 377 B.R. 865 (6th Cir. B.A.P. 2007), in support of their argument that it is possible to claim an "in-kind" exemption under § 522(d)(5). Anderson indeed held that if a debtor "manifests an intent" to make an in-kind exemption by claiming an exemption for the entire estimated value of the property, and the trustee fails to object, the property is removed from the bankruptcy estate. However, it has been suggested that Anderson was incorrectly decided, or should at least be limited to its facts. See Cormier, 382 B.R. at 401-02 ("Regretfully, the Anderson BAP did not engage in any meaningful statutory interpretation of the exemption statute, most notably § 522(d)."). An unreported decision of the Sixth Circuit also disagrees with Anderson and endorses the trustee's position that the bankruptcy court retains jurisdiction over property to the extent its value exceeds the maximum allowable exemption, even where the trustee does not object to the exemption. In re

7

Greenfield, 65 Fed. Appx. 549, 552 (6th Cir. 2003). Anderson's reasoning is unconvincing and will not be followed here.

By listing an exemption under § 522(d)(5) for the Hayes Township property at a value of $7,500, the Lewandowskis exempted the property up to that monetary amount. They did not make an in-kind exemption of the entire property; to repeat, § 522(d)(5) does not allow for in-kind exemptions. "Courts have...consistently held that the debtor's property remains property of the estate to the extent its value exceeds the statutory amount which the debtor is permitted to exempt." In re Gaylor, 123 B.R. at 239 (collecting cases).

### B. The Trustee Was Not Required to Object to the Lewandowskis' Valuation of the Hayes Township Property

The Lewandowskis make much of the fact that the trustee did not object to their claimed exemption of the Hayes Township property.[2] They say that they exempted the property for the entirety of its estimated value of $7,500, and since the exemption became valid when the trustee failed to object, the entire property is removed from the estate.

This is incorrect. The trustee has no quarrel with the Lewandowskis' exemption of the property up to a value of $7,500. Rather, the trustee says that the Lewandowskis' valuation of the property was faulty, as the property was actually worth much more than $7,500. Because the trustee believed that the claimed exemption was proper, there was no need for her to object in the manner prescribed by FED. R. BANKR. P. 4003(b):

---

[2] As noted above, the trustee waived any objection to the exemption by failing to object within 30 days after the conclusion of the creditors' meeting. FED. R. BANKR. P. 4003(b).

> [T]he trustee is under no obligation to object where there is an appropriate statutory basis for the exemption and the amount claimed is within the statutory limits. Nothing in the Bankruptcy Code requires a trustee to object to the debtor's estimate of the fair market value of the property in which the debtor claims an exemption. Unlike the statutory basis for the exemption, or the dollar amount of the exemption, the fair market value of the property is not readily determinable by reviewing the schedules. Instead, the actual value of the property can only be fairly accurately estimated by an appraisal or ascertained by an eventual sale. The trustee has the discretion, for a reasonable time, to determine whether or not the estate will benefit from the sale of the property. If the trustee sells the property, the debtor is entitled to recover the entire listed exemption amount from the sale proceeds with the remainder available for distribution to the creditors. Conversely, if the trustee fails to sell the property within a reasonable time, the trustee should abandon the property. After a trustee has had adequate opportunity to sell property, a debtor may compel abandonment if it is shown the property has no benefit to the estate.

In re Heflin, 215 B.R. 530, 536 (Bankr. W.D. Mich. 1997).

The Lewandowskis cite Taylor v. Freeland & Kronz, 503 U.S. 638 (1992), for the proposition that the trustee must object to valuations of exempted property within the thirty days prescribed by FED. R. BANKR. P. 4003(b). This was not the holding in Taylor. That case revolved around a claimed exemption for the potential proceeds of a lawsuit brought by the debtor. It was taken as a given that the debtor had claimed an exemption for the lawsuit proceeds in their entirety; the Court's narrow holding was that the trustee could not contest the validity of the claimed exemption outside of the thirty day window, even though the debtor had no colorable basis for claiming the exemption. That is, Taylor held that a court could not bend the thirty day window of Rule 4003(b), even when an exemption was improper; it did not consider whether an objection to the

9

valuation of underlying property rather than to the exemption itself was subject to the rule.  As the Bankruptcy Court for the Western District of Michigan explained in Cormier:

> The unstated premise in Taylor is limited: when a debtor claims property as fully exempt, and no objection is timely filed, the property is exempt.  However, other than this premise, the Supreme Court was not called upon to interpret the exemption statute, including § 522(d), nor did it even discuss it, except perhaps in passing.

Cormier, 377 B.R. at 391.

The § 522(d)(5) exemption means only that the Lewandowskis are entitled to recover the first $7,500 from the proceeds of sale of the property.  The remaining proceeds are property of the estate.

### C. The Bankruptcy Judge Properly Authorized The Trustee to Sell The Hayes Township Property Pursuant to § 363(b)

11 U.S.C. § 363(b) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Here there is no question that the trustee properly filed a motion to sell the Hayes Township property, that she gave proper notice to all interested parties including the Lewandowskis, and that the bankruptcy judge held a hearing on the motion.  For the reasons discussed above, the Hayes Township property was property of the estate. Sale of the property under § 363(b) was therefore appropriate.

## V. Conclusion

The bankruptcy judge properly authorized the trustee to sell the Hayes Township property. Section 522(d)(5) allows the Lewandowskis to exempt their interest in the property up to a value of $7,500, but does not allow them to make an "in-kind" exemption of the property. Since the exemption itself was proper, the trustee was under no obligation to object to the valuation of the property. The Lewandowskis are entitled to $7,500 from the proceeds of the sale; the remainder of the proceeds are property of the estate. The decision of the bankruptcy court is AFFIRMED.

SO ORDERED.

        s/Avern Cohn  
        AVERN COHN  
        UNITED STATES DISTRICT JUDGE

Dated: May 1, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 1, 2008, by electronic and/or ordinary mail.

        s/Julie Owens  
        Case Manager, (313) 234-5160